UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE R. ALISON, SONJA R. WILSON, THE ESTATE OF ROGER L. WILSON, SR.<br><br>    Defendants. | Case No.  1:20-cv-269-DAD-HBK<br><br>ORDER DENYING DEFENDANTS' MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

      The Court reviews the motion to appoint counsel filed on behalf of Defendants Diane R. Wilson, Sonja R. Wilson, and The Estate of Roger L. Wilson, Sr. on October 20, 2020.  (ECF No. 11.)  Liberally construed, the motion seeks appointment of counsel on behalf of The Estate of Roger L. Wilson, Sr. and on behalf of Defendants Alison and Wilson in their individual and their representative capacities as statutory executors of the Estate.  The Government did not file a response to this motion and the time to do so has expired.  Notably, a review of other pleadings shows that the Government submits that the Estate, cannot proceed in this action without counsel. By way of background, the Government initiated this action by filing a three-count Complaint stemming from alleged failure to pay estate taxes following the individual Defendants' father's death that occurred in 2005.

      Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may

consider many factors including, but not limited to, proof of indigence, to determine if exceptional circumstances are present in a case to warrant appointment of counsel. *Id.*

Here, the Court cannot conclude that exceptional circumstances are present to warrant the appointment of counsel. Although Defendants state that neither the Defendants individually, nor the Estate has adequate funds to pay for counsel, Defendants submit no proof of indigence to support of their motion. Nor do Defendants address any of the other factors for the Court to find exceptional circumstances warrant appointment of counsel in this civil case.

Accordingly, Defendants' motion for the appointment of counsel (ECF No. 11) is denied without prejudice.

IT IS SO ORDERED.

Dated:    November 19, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2