UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIANE R. ALLISON, SONJA R. WILSON AND THE ESTATE OF ROGER L. WILSON, SR.,<br><br>Defendants. | Case No.  1:20-cv-00269-ADA-HBK<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS AND SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION<br><br>**Settlement Statements Due: November 18, 2022**<br>**Settlement Conference: November 29, 2022 at 9:30 a.m.** |

On September 15, 2022, the Court held a preliminary pretrial status conference in this case. (Doc. No. 39).  During the conference and consistent with the parties' Joint Status Report filed September 8, 2022 (Doc. No. 38), the parties requested a judicial settlement conference.  As a result, pursuant to Local Rule 270(b), the Court sets this matter for an in-person settlement conference before United States Bankruptcy Judge Jennifer E. Niemann on **November 29, 2022, beginning at 9:30 a.m. at the United States Courthouse, 2500 Tulare Street, Fifth Floor, Fresno, CA  93721 in Courtroom 11**.  The Court has reserved the entire day for this settlement conference and expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.  If any party believes that the settlement conference will

not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference in person: (1) the attorney(s) who will try the case; (2) the parties; and (3) individuals with full authority to negotiate and settle the case, on any terms. *See* Local Rule 270(f).

**No later than November 18, 2022**, each party must submit a settlement statement by email to Judge Niemann's chambers to the attention of: debbie_chavez@caeb.uscourts.gov. The statement should neither be filed on the docket nor served on any other party. In compliance with Local Rule 270(d)-(e), Judge Niemann will use the settlement statements to prepare for and conduct the settlement conference. The statements will not become part of the case file and will be shred upon conclusion of the conference under Local Rule 270(e). If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The settlement statements should not exceed ten (10) page, excluding exhibits and should include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the parties' relevant position on the factual and legal issues and brief review of the evidence to support the parties' factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) your best estimate of the probability that plaintiff will prevail should this case proceed to trial;

(5) your best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers

from any party, in specific dollar terms), a candid statement of your party's current position on settlement, including **the amount that you will give/accept to settle** (in specific dollar terms), and a statement of your expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles;

(8) no more than ten (10) pages of exhibits (not already filed in the docket) to the extent a party believes the exhibits are relevant to their position.

At the beginning of the settlement conference, the parties' counsel may give a brief (five-minute) opening presentation outlining the factual and legal highlights of their case before the parties break into separate caucuses.  Judge Niemann reserves the right to forego counsels' opening presentations if she determines that such presentations are not likely to be productive.

Notwithstanding the provisions of Federal Rule of Evidence 408, all parties' statements relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

Dated:    October 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

cc:  Debbie Chavez